**Mahbub HOSSAIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 06–0482–ag.

United States Court of Appeals, Second Circuit.

April 7, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Salim Sheikh, New York, NY, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the July 2, 2007 due date specified in the scheduling order issued on May 4, 2007, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.[2]

## SUMMARY ORDER

Petitioner Mahbub Hossain, a native and citizen of Bangladesh, seeks review of the January 4, 2006 order of the BIA denying his motion to reopen. *In re Mahbub Hossain*, No. A73 539 317 (B.I.A. Jan. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Hossain did not petition for review of the BIA's December 2001 denial of his motion to consider his untimely brief or the BIA's April 2002 decision summarily affirming the IJ's decision, and because this Court previously dismissed his petition for review of the BIA's March 2003 decision denying his motion to reconsider, we limit our review to the BIA's January 2006 decision denying his motion to reopen. *Cf. Ke*

---

**2.** Judge Debra Ann Livingston, a member of the original panel, subsequently recused herself. Therefore, this case is decided by the two remaining members of the panel pursuant to Section 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

*Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ The BIA did not abuse its discretion in concluding that Hossain failed to establish that his untimely motion to reopen qualified for an exception to the time limitation based on "changed circumstances" in Bangladesh. *See* 8 C.F.R. § 1003.2(c)(2). Hossain argues that the BIA abused its discretion in denying his motion to reopen because the BIA failed to address (1) his argument that the BIA erred by not accepting his untimely brief appealing the IJ's decision, and (2) his argument that he fears persecution in Bangladesh based on his Muslim religion and having children born out-of-wedlock. These arguments are unavailing.

■ First, the BIA did not abuse its discretion by declining to consider, for a third time, Hossain's argument that the BIA's December 2001 decision denying his motion to consider his untimely brief was erroneous. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Ke Zhen Zhao,* 265 F.3d at 97 ("[W]hen faced with a motion to reopen, the [BIA] has an obligation to consider the record as a whole."). Because Hossain never petitioned for review of the BIA's December 2001 decision denying his motion to consider his untimely brief, his argument is unexhausted. 8 U.S.C. § 1252(d)(1); *Ke Zhen Zhao,* 265 F.3d at 89–90. In any event, the BIA's

failure to consider his untimely brief does not meet an exception to the time limitations applicable to motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (providing that the "time and numerical limitations ... shall not apply to a motion to reopen" to apply for asylum, withholding of removal, or CAT "based on changed circumstances arising in the country of nationality" if such evidence was "not available" at the time of the previous hearing).

■ Second, the BIA did not abuse its discretion by rejecting Hossain's argument that reopening was appropriate "due to his [pre-marital] relationship and fathering a child, against the teaching of his religion customs, traditions and culture." In this regard, the BIA found that Hossain failed "to demonstrate that any change in circumstances that has occurred in Bangladesh would materially affect his eligibility for asylum." Hossain, who claims to fear persecution based on his membership in the "Jatio Party," alleged no changed circumstances *in Bangladesh;* rather he claimed that his personal circumstances *in the United States* had changed-namely his "pre-marital relationship" with his current wife and "fathering a child" in the United States. This "evidence ... does not fit under the exception set forth in 8 C.F.R. § [100] 3.2(c)(3)(ii)." *Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (finding that "[t]he law is clear that a petitioner must show changed country conditions in order to exceed the 90–day filing requirement for seeking to reopen removal proceedings. A self-induced change in personal circumstances cannot suffice.").

■ Finally, the BIA properly noted that Hossain failed "to demonstrate any change in circumstances that has occurred in Bangladesh would materially affect his

eligibility for asylum." Although the 2004 U.S. Department of State Country Report on Human Rights Practices in Bangladesh, which Hossain had submitted in support of his motion to reopen, states that the government's poor human rights record worsened during the year and that political violence still existed, Hossain never established how any change in the report specifically would affect him. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Indeed, to the extent Hossain's claim was based on the same factual predicate previously found not credible, the BIA properly noted that Hossain failed to overcome the IJ's prior adverse credibility finding. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007); *Kaur,* 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.